**Mark TILLMON, Petitioner–Appellee,**

v.

**John R. HEMINGWAY, Warden, Respondent–Appellant.**

**No. 01–1020.**

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before RYAN and BOGGS, Circuit Judges; WILLIAMS, District Judge.*

Respondent Hemingway appeals from a district court judgment granting a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel agrees unanimously that oral argument is not needed. Fed. R.App. P. 34(a).

The district court granted the petition for a writ of habeas corpus on the ground that the Bureau of Prisons could not categorically exclude from the drug treatment sentence reduction program those federal inmates whose crime was related to firearms. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.58(a) (2000). The Supreme Court has now decided the case of *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), and the Court held that such a categorical exclusion is proper even for inmates who received a sentence enhancement for possessing, carrying, or using a firearm. *Id.* at 719, 724, 121 S.Ct.

714. The district court's decision in this case is now invalid in light of *Lopez*.

Tillmon has filed a notice of additional authority in which he argues that the Bureau has adopted a policy that allows inmates subject to the exclusion but who were already released to half-way houses to remain in the half-way houses instead of returning to prison. Tillmon alleges that allowing these inmates to stay in half-way houses while he must remain in prison violates his equal protection rights.

When a change in the law does not extinguish the controversy, the preferred procedure is for the appellate court to remand the case to the district court for reconsideration of the case under the new law. *Hadix v. Johnson*, 144 F.3d 925, 934 (6th Cir.1998), *abrogated on other grounds*, *Miller v. French*, 530 U.S. 327, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000). We normally pursue this course of action so that the district court may have an opportunity to pass judgment on the changed circumstances. *Id.* at 935. Here Tillmon has raised allegations that continue the controversy. Therefore, it is appropriate to remand the case for further proceedings.

The judgment of the district court is vacated, and the case is remanded to the district court for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.